1  DAVID R. HAGEN, Bar No. 108383
   Merritt & Hagen
2  6320 Canoga Ave., Suite 1400
   Woodland Hills, CA 91367
3  Telephone 818-992-1940
   Facsimile 818-992-3309
4

5
   Attorney for Debtors and Movants
6  Aria Y. Kozak, Donna J. Kozak

7

8                 UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 In Re:                          ) CASE NO.: SV03-20278MT
                                    ) CHAPTER 7
11 ARIA Y. KOZAK, DONNA J. KOZAK    )
                                    )
12        Debtors.                  ) **NOTICE OF MOTION AND MOTION**
                                    ) **TO REOPEN CHAPTER 7 CASE TO**
13                                  ) **FILE  MOTION FOR AN ORDER TO**
                                    ) **SHOW CAUSE WHY PACKING CRATE**
14                                  ) **CLASSICS SHOULD NOT BE HELD IN**
                                    ) **CONTEMPT OF COURT FOR**
15                                  ) **WILLFULLY VIOLATING THE**
                                    ) **DISCHARGE INJUNCTION,**
16                                  ) **DECLARATION OF ARIA KOZAK IN**
                                    ) **SUPPORT**
17                                  )
                                    ) Date:  January 3, 2007
18 _____  ) Time:  10:00 a.m.
                                    ) Ctrm:  302
19

20       TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY

21 JUDGE, AND ALL CREDITORS:

22       NOTICE IS GIVEN THAT Aria Y. Kozak, Donna J. Kozak ("Debtors") file their Motion

23 to Reopen Chapter 7 Case ("Motion") to File their Motion For an Order To Show Cause Why

24 Packing Crate Classics, Inc. Should Not Be Held in Contempt of Court for Willfully Violating

25 the Discharge Injunction.  The Motion shall be based upon this Notice, the Motion, and the

26 attached Declaration of Aria Kozak.

27       NOTICE IS FURTHER GIVEN that the Motion shall be heard on January 3, 2007, at

28 10:00 a.m., or as soon thereafter as the matter may be heard, at the United States Bankruptcy

FILED

NOV 2 9 2006

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

                                    1

1    Court, located at 21041 Burbank Blvd., Woodland Hills, California, in Courtroom 302. The

2    Motion is brought pursuant to Local Bankruptcy Rule 9013-1(a)(6) and (7). Any opposition to

3    the Motion must be served and filed at least fourteen days prior to the hearing. Failure to file

4    such an opposition may deemed a waiver of one's right to oppose the Motion. The Motion

5    respectively shows as follows:

6                                        **I.**

7                              **INTRODUCTION**

8        1.      The Debtors seek to reopen their closed Chapter 7 case, and to file a motion for an

9    Order To Show Cause why Packing Crate Classics, Inc. ("PCCI") should not be held in contempt

10   of Court for willfully violating the discharge injunction by prosecuting a Superior Court

11   Complaint and seeking attorney's fees against the Debtors for a discharged, pre-petition claim.

12                                       **II.**

13                              **THE FACTS**

14       2.      The Debtors filed their Chapter 7 Petition on December 24, 2003. They received

15   their Discharge on June 15, 2004, and the case was closed on May 12, 2005. In their Schedule

16   "B", the Debtors listed as an asset of their case potential claims against PCCI. In their Schedule

17   "F", the Debtors listed as creditor Paul Beechen Esq., attorney for PCCI. On June 2, 2004, PCCI

18   filed a Proof of Claim in this case.

19       3.      Prior to the filing of the Chapter 7 Petition, the Debtors had a pending action

20   against PCCI, among others (Superior Court case number SC058857). The Debtors were not

21   successful in that case. The Trustee then took the case up on appeal, however he was

22   unsuccessful and lost the appeal. As a result of that appellate loss, PCCI obtained a Judgment

23   for attorney's fees against the Debtors. However, the actions all stem from pre-petition conduct

24   and liability. The Debtors maintain any debt owing to PCCI was discharged on June 15, 2004.

25   Despite actual knowledge of the Chapter 7 Petition, PCCI did not file a non-dischargeability

26   complaint but yet is now seeking to collect on a discharged, pre-petition debt.

27   ///

28   ///

1    4.    Also prior ro the filing of the Chapter 7 Petition, the Debtors had a pending

2    action, as Cross-Complainants, against PCCI, among others (Superior Court case number

3    SC075156).   After the bankruptcy filing, PCCI filed a successful summary judgement motion.

4    The Debtors did not file any written opposition. The motion was granted. As a result of that

5    action, PCCI is now seeking its attorney's fees against the Debtors.  The Debtors filed an appeal

6    to protect their rights pending reopening the bankruptcy case and a contempt hearing. However,

7    the actions all stem from pre-petition conduct and liability.  The Debtors maintain any debt

8    owing to PCCI was discharged on June 15, 2004.  Despite actual knowledge of the Chapter 7

9    Petition, PCCI did not file a non-dischargeability complaint but yet is now seeking to collect on

10   a discharged, pre-petition debt.

11

12                                    **III.**

13                **THERE IS CAUSE TO REOPEN THIS CASE**

14   5.    The personal liability of the Debtors has been discharged; it is a dischargeable

15   debt under 11 U.S.C. Section 523 and 727.  Moreover, there is no prejudice to any creditor by

16   reopening this case. **The Debtors seek to reopen the case to protect their rights and to**

17   **enforce the Discharge injunction they obtained from this Court**. In addition, PCCI has been

18   on actual notice of the Discharge, and despite that, it still seeks to proceed against the Debtors in

19   the Superior Court. The Debtors clearly need the assistance of this Court to enforce the

20   Discharge injunction.  Indeed, this Court has exclusive jurisdiction to enforce the Discharge

21   injunction.

22   6.    11 U.S.C. Section 350(b) provides: "A case may be reopened in the court in

23   which such case was closed to administer assets, to accord relief to the debtor, or for other

24   cause." This language provides broad discretion to a court considering the reopening of a case

25   where the court feels reopening a case will lead to full and complete administration of a

26   bankruptcy proceeding.  In re Shondel, 950 F2d 1301, 26 CBC 2d 193 (7th Cir. 1991), Collier

27   on Bankruptcy, Section 350.03.

28

3

7.     "Motions to reopen are often filed by debtors seeking to amend schedules... Such motions are generally liberally granted." Collier on Bankruptcy, Section 350.03 (emphasis added). The reopening of a case is merely a mechanical act, which has no independent legal significance and determines nothing with respect to the merits of a case. In re Germaine, 152 BR 619 (9th Cir. BAP 1993), In re Devore, 223 BR 193 (9th Cir. BAP 1998). The reopening of a case is simply a ministerial act and a prelude to further acts that do have legal significance. Germaine at 624. In short, a court's action in reopening a case have no legal significance in and of itself. Therefore, no party can be prejudiced by the mere act of reopening.

8.     According to Collier, "... a key factor in deciding a motion to reopen to allow late avoidance of a lien is whether the creditor would be so prejudiced that it would be inequitable to grant the motion." Collier at 350-10, In re Ricks, 89 BR 73 (9th Cir. BAP 1988). Absent such prejudice, a case should be reopened. In this case, it was only after the case was closed that PCCI began violating the Discharge injunction. See also Rule 5010 of the Federal Rules of Bankruptcy Procedure, providing for the reopening of bankruptcy cases.

9.     Again, reopening the case is merely the first step in allowing the Debtors to enforce an Order of this Court, i.e., the Discharge injunction. Certainly, a motion to enforce the Discharge is within the jurisdiction of this Court, to accord relief to the Debtors. Indeed, the Debtors maintain it is a core proceeding that could be brought only in this Court. Furthermore, reopening this case will not prejudice any creditor.

WHEREFORE, the Debtors request the following relief from this Court

1.     That the Motion be granted, and this case reopened so the Debtors file a motion for an order to show cause regarding violating the Discharge Injunction; and

2      For such other relief as the Court deems just and proper.

Dated: November 29, 2006               MERRITT & HAGEN

                                        David R. Hagen, Attorney for Debtor

4

# DECLARATION OF ARIA KOZAK

## IN SUPPORT OF MOTION TO REOPEN CHAPTER 7 CASE

I, Aria Y. Kozak, declare as follows:

1.      I am one of the Debtors in this case. I have personal knowledge of the following information and, if called upon to testify, I could and would competently testify to the following. I have reviewed my files, records and recollections in this matter regarding the state court case filed by my wife and I as Cross-Complainants against PCCI and others.

2.      I am personally familiar with my files, records and recollections involving this matter, and I am the one in control of the files, records and recollections with respect to the Superior Court case. All entries in my files and records, and all recollections I maintain were made or formed at or around the time the communications that are the subject of the instant action occurred.

3.      I am seeking an order reopening my closed Chapter 7 case to file a Motion For an Order To Show Cause Why PCCI Should Not Be Held in Contempt of Court for Willfully Violating the Discharge Injunction.

4.      My wife and I filed our Chapter 7 Petition on December 24, 2003. We received our Discharge on June 15, 2004, and the case was closed on May 12, 2005. A true and correct copy of the docket is attached hereto as Exhibit "1" and incorporated by reference. In our Schedule "B", we listed as an asset of our case a potential claim against PCCI. A true and correct copy of Schedule "B" is attached hereto as Exhibit "2" and incorporated by reference. In our Schedule "F", we listed as creditor Paul Beechen Esq., attorney for PCCI. A true and correct copy of Schedule "F" is attached hereto as Exhibit "3" and incorporated by reference. On June 2, 2004, PCCI filed a Proof of Claim in this case. A true and correct copy of the claims docket is attached hereto as Exhibit "4" and incorporated by reference.

5.      Prior ro the filing of the Chapter 7 Petition, we had a pending action, as Cross-Plaintiffs, against PCCI, among others (Superior Court case number SC058857). We were not successful in that case. The Chapter 7 Trustee then took the case up on appeal, however he was unsuccessful and lost the appeal. As a result of that appellate loss, PCCI is now seeking its

5

5.      Prior ro the filing of the Chapter 7 Petition, we had a pending action, as Cross-Plaintiffs, against PCCI, among others (Superior Court case number SC058857). We were not successful in that case. The Chapter 7 Trustee then took the case up on appeal, however he was unsuccessful and lost the appeal. As a result of that appellate loss, PCCI is now seeking its attorney's fees against my wife and me. However, the actions all stem from pre-petition conduct. My wife and I believe that any debt owing to PCCI was discharged on June 15, 2004. Despite actual knowledge of the Chapter 7 Petition, PCCI did not file a non-dischargeability complaint but yet is now seeking to collect on a discharged, pre-petition debt. The debt to PCC was scheduled and is a pre-petition debt.

6.      Also prior ro the filing of the Chapter 7 Petition, the we had a pending action, as Cross-Complainants, against PCCI, among others (Superior Court case number SC075156). After the bankruptcy filing, PCCI filed a successful summary judgement motion. We did not file any written opposition. The motion was granted. As a result of that action, PCCI is now seeking its attorney's fees against us. However, the actions all stem from pre-petition conduct. Any debt owing to PCCI was discharged on June 15, 2004. Despite actual knowledge of the Chapter 7 Petition, PCCI did not file a non-dischargeability complaint but yet is now seeking to collect on a discharged, pre-petition debt.

10.     Despite repeatedly being informed of the Discharge in this case, PCCI is proceeding with the Superior Court case against my wife and me to collect these pre-petition debts. I seek to reopen my case to protect my rights and to enforce the Discharge injunction I obtained from this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This Declaration was executed in Malibu, California.

Date:

Aria Y. Kozak
Declarant

6

**EXHIBIT 1**

**CLOSED**

# U.S. Bankruptcy Court
## Central District Of California (San Fernando Valley)
### Bankruptcy Petition #: 1:03-bk-20278-AG

*Assigned to:* Arthur M. Greenwald
Chapter 7
Voluntary
No asset

*Date Filed:* 12/24/2003
*Date Terminated:* 05/12/2005
*Date Discharged:* 06/15/2004

*Debtor*
**Aria Y Kozak**
6487 Cavalleri Road, #332
Malibu, CA 90265
SSN: xxx-xx-9056
*aka*
**ARIA YEHUDA KOZAK**
*aka*
**ARIA KOZAK**

represented by **Gail Higgins**
6400 Canoga Ave #311
Woodland Hills, CA 91367
818-992-1940

*Joint Debtor*
**Donna J Kozak**
6487 Cavalleri Road, #332
Malibu, CA 90265
SSN: xxx-xx-8965
*aka*
**DONNA JEANNE KOZAK**

represented by **Gail Higgins**
(See above for address)

*Trustee*
**David Seror**
2029 Century Park East, 21st Floor
Los Angeles, CA 90067
(310) 551-2096

| Filing Date | # | Docket Text |
|---|---|---|
| 12/24/2003 | 1 | Voluntary petition under chapter 7 1st QC by VMC 2nd QC by WI [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 2 | Signature[s] page 2 of petition form B1 for attorney [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 3 | Attorney's state bar number on page 1 of petition form [E-F] (Entered: 12/24/2003) |
| | | |

| 12/24/2003 | 4 | Exhibit "B" [Individual Consumer/Non-Business] [E-F] (Entered: 12/24/2003) |
|---|---|---|
| 12/24/2003 | 5 | Exhibit "C" is not required [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 6 | Statement of related cases [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 7 | Notice of available chapters [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 8 | Summary of schedules [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 9 | Schedule A filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 10 | Schedule B filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 11 | Schedule C filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 12 | Schedule D filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 13 | Schedule E filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 14 | Schedule F filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 15 | Schedule G filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 16 | Schedule H filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 17 | Schedule I filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 18 | Schedule J filed [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 19 | Declaration concerning debtor's schedules [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 20 | Statement of financial affairs [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 21 | Statement of intention [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 22 | Disclosure of attorney fees [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 23 | Declaration of attorney's limited scope of appearance [E-F] (Entered: 12/24/2003) |
| 12/24/2003 | 24 | Verification of creditor matrix [E-F] (Entered: 12/24/2003) |
| | | |

| 12/24/2003 | 25 | Matrix [mailing list] [E-F] (Entered: 12/24/2003) |
|---|---|---|
| 12/26/2003 | 26 | Notice of 341a meeting [requested from BNC] hearing on 01/29/2004 at 1:30 p.m. at 21051 Warner Center Lane, #105, Woodland Hills, CA 91367[Rescheduled] [EHI] (Entered: 12/26/2003) |
| 12/31/2003 | 27 | Certificate of mailing RE: Item# 26 [BNC] (Entered: 01/02/2004) |
| 01/12/2004 | 28 | Request for special notice filed by Frank M. Lanak for American Contractors Indemnity Co; with proof of service [EHI] (Entered: 01/12/2004) |
| 01/26/2004 | 29 | Request for special notice filed by Nomi L. Castle, for Rosendin Electric, Inc.; with proof of service [LLI] (Entered: 01/26/2004) |
| 02/02/2004 | 30 | Trustee worksheet; meeting continued postponed to 02/26/2004 at 1:30 p.m. at 21051 Warner Center Lane, #105, Woodland Hills, CA 91367 RE: Item# 26[Rescheduled] [LLI] (Entered: 02/02/2004) |
| 02/02/2004 | 31 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] RE: Item# 30 [LLI] (Entered: 02/02/2004) |
| 02/25/2004 | 32 | Notice of motion & motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY re: 2001 Lexus LS 430 Sedan, for movant Toyota Lease Trust, by Yuri Noronin, Esq. [323]653-3353 hearing on 03/18/2004 at 09:00 a.m. at Courtroom 302, 21041 Burbank Blvd, Woodland Hills, CA[Disposed] [CEI] (Entered: 02/25/2004) |
| 03/01/2004 | 33 | Trustee worksheet; meeting continued postponed to 03/25/2004 at 1:30 p.m. at 21051 Warner Center Lane, #105, Woodland Hills, CA 91367 RE: Item# 30[Rescheduled] [RM2] (Entered: 03/01/2004) |
| 03/01/2004 | 34 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] RE: Item# 33 [RM2] (Entered: 03/01/2004) |
| 03/04/2004 | 35 | Non-Opposition filed by debtor with proof of service RE: Item# 32 [JCI] (Entered: 03/04/2004) |
| 03/18/2004 | 36 | ORDER granting [in whole or in part] relief from the automatic stay PERSONAL PROPERTY with notice of entry of judgment or order and certificate of service RE: Item# 32 [JCI] (Entered: 03/18/2004) |
| 03/29/2004 | 37 | ORDER approving extension of time to file a complaint objecting to discharge [By Stipulation] between debtors and DAvid Seror, chapter 7 Trustee; Extension granted through and including April 28, 2004; with Notice of entry of judgment or order and certificate of mailing |

| | | [PH] (Entered: 03/29/2004) |
|---|---|---|
| 03/29/2004 | 38 | Trustee worksheet; meeting continued postponed to 04/22/2004 at 1:30 p.m. at 21051 Warner Center Lane, #105, Woodland Hills, CA 91367 RE: Item# 33[Rescheduled] [MSI] (Entered: 03/29/2004) |
| 03/29/2004 | 39 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] RE: Item# 38 [MSI] (Entered: 03/29/2004) |
| 03/30/2004 | 40 | Amendment to schedule[s] B, and C; with proof of service RE: Item# 1 [JH] (Entered: 03/30/2004) |
| 04/26/2004 | 41 | Trustee worksheet; meeting continued postponed to 05/20/2004 at 1:30 p.m. at 21051 Warner Center Lane, #105, Woodland Hills, CA 91367 RE: Item# 38 [BC] (Entered: 04/26/2004) |
| 04/26/2004 | 42 | Notice of continued meeting of creditors and appearance of debtor [11 usc 341[a]] for Trustee's review of documents; filed by David Seror, Chapter 7 Trustee; with proof of service RE: Item# 41 [BC] (Entered: 04/26/2004) |
| 04/29/2004 | 43 | Notice of motion/application by David Seror, Chapter 7 Trustee to employ Danning, Gill, Diamond & Kollitz LLP as General Counsel; with proof of service [PH] (Entered: 04/29/2004) |
| 05/04/2004 | 44 | Application to employ Danning Gill Diamond & Kollitz as General Bankruptcy Counsel; declaration of Frank Ruggier; Trustee's comments [no objection]; filed by David Seror, Chapter 7 Trustee with proof of service [Disposed] [PH] (Entered: 05/04/2004) |
| 05/06/2004 | 45 | ORDER approving employment of professional with notice of entry of judgment or order and certificate of service RE: Item# 44 [JCI] (Entered: 05/06/2004) |
| 05/20/2004 | 46 | Notice of Chapter 7 Trustee's application to employ Knickerbocker Law Corporation, P C as special counsel; filed by Frank Ruggier, Esq; with proof of service. [AL] (Entered: 05/20/2004) |
| 05/24/2004 | 47 | Trustee worksheet; meeting concluded [AL] (Entered: 05/24/2004) |
| 05/24/2004 | 48 | Notification of asset case [AL] (Entered: 05/24/2004) |
| 05/24/2004 | 49 | Notice of possible dividend and order fixing time to file claims [requested from BNC] RE: Item# 48 [AL] (Entered: 05/24/2004) |
| 05/27/2004 | 50 | Certificate of mailing RE: Item# 49 [BNC] (Entered: 05/28/2004) |

| 06/07/2004 | 51 | Application to employ Knickerbocker Law Corporation as Special Counsel; Statement of disinterestedness; declaration of Richard L Knickerbocker; Trustee's comments [no objection]; filed by David Seror, Chapter 7 Trustee with proof of service [Disposed] [PH] (Entered: 06/07/2004) |
| 06/15/2004 | 52 | DISCHARGE OF DEBTOR [requested from BNC] [MSV] (Entered: 06/15/2004) |
| 06/18/2004 | 53 | Certificate of mailing RE: Item# 52 [BNC] (Entered: 06/21/2004) |
| 06/30/2004 | 54 | ORDER approving employment of professional with Notice of entry of judgment or order and certificate of mailing RE: Item# 51 [PH] (Entered: 06/30/2004) |
| 09/10/2004 | 55 | Notice to pay court costs with certificate of mailing PAYOR: DAVID SEROR AMOUNT: $0.00 [PH] (Entered: 09/10/2004) |
| 05/03/2005 | 56 | Final report of trustee in no asset case [EHI] (Entered: 05/03/2005) |
| 05/12/2005 | 57 | ORDER closing case [VMC] (Entered: 05/12/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/28/2006 15:33:48 | | |
| **PACER Login:** | mh0129 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-bk-20278-AG Fil or Ent: filed From: 8/30/2000 To: 11/28/2006 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**EXHIBIT 2**

In re   Aria Yehuda Kozak,
Donna Jeanne Kozak

Case No. ___SV03-20278AG___

Debtors

## SCHEDULE B. PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | On person | C | 200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Two checking accounts | C | 2,000.00 |
| | | Two savings accounts | C | 830.00 |
| | | Checking account at Union Bank | C | 200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Deposit with Landlord | C | 3,600.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household furnishings | C | 5,000.00 |
| | | Big screen TV | C | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Book collection | C | 200.00 |
| 6. Wearing apparel. | | Clothing | C | 1,000.00 |
| 7. Furs and jewelry. | | Miscellaneou jewelry | C | 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Snow skiis; bike | C | 200.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Two Policies with New York Life; Universal Life; (value is cash surrender value) | C | 6,784.12 |

Sub-Total >   22,514.12
(Total of this page)

___3___ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    Aria Yehuda Kozak,                                      Case No. ___SV03-20278AG___
         Donna Jeanne Kozak
                                                    Debtors

## SCHEDULE B. PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 60% shares in I.S.A. Holding, Inc. owned by Kozak Family Living Trust; only assets of I.S.A. Holdings, Inc. are computers, office equipment, computer software; value approximately $8,500. Bank account approximately $7,500 and approximately 50% of Total Systems Integration, Inc. and Southwest Integrated Solutions, Inc.; both corporations have operated 8 - 14 months and have minimal cash flow and minimal assets | C | 1,000.00 |
| | | A.K Partners, a Nevada corporation; stock issued to Kozak Family Living Trust; no assets, no bank accounts; it is not operational and has not operated for at least 8 months | C | Unknown |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | | Debt from I.S.A. Holdings, Inc. (loaned 3 - 4 years ago); total asset is $75,000 (uncollectable) | C | 0.00 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |

                                                        Sub-Total >                    1,000.00
                                                    (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2003 - Best Case Solutions, Inc - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**EXHIBIT 3**

Form B6F
(12/03)

In re    **Aria Yehuda Kozak,**                                    Case No. _____
         **Donna Jeanne Kozak**
                                                _____
                                                    Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. | | | | | Listed as a precautionary measure | | | | |
| **ACIC** **9841 Airport Blvd., 9th Floor** **Los Angeles, CA 90045** | C | | | | | | | | **Unknown** |
| Account No. **xx1.753, xx1.754, xx1.755** | | | | | 10/02 Services | | | | |
| Lee Ackerman 865 S. Figueroa St., #2600 Los Angeles, CA 90017 | C | | | | | | | | **7,161.81** |
| Account No. | | | | | Listed as a precautionary measure | | | | |
| Apex 445 Park Ave. New York, NY 10002 | C | | | | | | | | **0.00** |
| Account No. | | | | | 6/02 Judgment; Packing Crate Classics, Inc. et al v. Kozak Case No:  BC280543 | | | | |
| Paul Beechen, Esq. 1900 Ave. of the Stars Los Angeles, CA 90067 | C | | | | | | | | **80,000.00** |

___3___   continuation sheets attached

Subtotal
(Total of this page)          **87,161.81**

Form B6F - Cont.
(12/03)

In re    **Aria Yehuda Kozak,**                             Case No. _____

          **Donna Jeanne Kozak**

Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Castle and Associates**<br>**1925 Century Park East, #210**<br>**Los Angeles, CA 90067** | C | | | | **Attorneys fees regarding Judgment, Rosendin v. MSK; Case No: BC216249; amount is approximate** | | | | **977,000.00** |
| Account No.<br><br>**Kirk Grossman, Esq.**<br>**2323 Portola Rd., #100**<br>**Ventura, CA 93003** | C | | | | **Attorney for Robert and Britt Rowe; Rowe v. Kozak & PCCI; Case No: 0751256; Lawsuit regarding Sweetwater property option** | | | | **Unknown** |
| Account No.<br><br>**Holthouse, Carlin & Van Trigent**<br>**1601 Cloverfield Blvd., #300**<br>**Santa Monica, CA 90402** | C | | | | **10/02**<br>**Services** | | | | **6,268.57** |
| Account No.<br><br>**MCG**<br>**Bryan Mitchell**<br>**1100 Wilson Blvd., #800**<br>**Arlington, VA 22209** | C | | | | **Listed as a precautionary measure** | | | | **0.00** |
| Account No.<br><br>**Mitchell, Silverberg & Knupp**<br>**11377 W. Olympic Blvd.**<br>**Los Angeles, CA 90064** | C | | | | **Legal fees** | | | | **80,000.00** |

Sheet no. __1__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal<br>(Total of this page)     **1,063,268.57**

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037            Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re    **Aria Yehuda Kozak,**
         **Donna Jeanne Kozak**                                    Case No. _____

                                    _____
                                    Debtors

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. | | | | | 6/03 Attorneys fees | | | | |
| Rosenberg and Mendlin 528 Colorado Ave. Santa Monica, CA 90401-2408 | C | | | | | | | | 60,000.00 |
| Account No. | | | | | Judgment; Rosendin v. MSK; Case No: BC216249; amount is approximate | | | | |
| Rosendin Electric 201 King St. San Francisco, CA 94109 | C | | | | | | | | 1,025,456.91 |
| Account No. | | | | | Listed as a precautionary measure | | | | |
| Robert Rowe c/o Gobal QA 300 East Espinade Dr., #1460 Oxnard, CA 93036 | C | | | | | | | | 0.00 |
| Account No. | | | | | 9/03 Services | | | | |
| Ruben and Makarem 11601 Wilshire Blvd., #325 Los Angeles, CA 90025 | C | | | | | | | | 13,138.96 |
| Account No. x3167 | | | | | 8/03 Services | | | | |
| Smaha and Daley 7860 Mission Center Ct., #100 San Diego, CA 92108 | C | | | | | | | | 3,177.92 |

Sheet no. __2__ of __3__ sheets attached to Schedule of                    Subtotal          1,101,773.79
Creditors Holding Unsecured Nonpriority Claims                    (Total of this page)

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re   **Aria Yehuda Kozak,**
        **Donna Jeanne Kozak**                                    Case No. _____

                                        Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxSURxxxxxx7034C**<br><br>**Surety Company of the Pacific**<br>**c/o Intercol Collections**<br>**P.O. Box 3550**<br>**San Dimas, CA 91773** | C | | | **2002**<br>**Services; Bonding Company/Rosendin;**<br>**potential lawsuit** | | | | **6,887.81** |
| Account No.<br><br>**Toyota Lease Trust**<br>**c/o R. Scott Andrews, #219936**<br>**Cooksey, Toolen, Gage, Duffy & Woag**<br>**535 Anton Blvd. 10th Floor**<br>**Costa Mesa, CA 92626-1947** | C | | | **Co-signed Lease; possible exposure;**<br>**Case No: 03C09083; Amount is approximate** | | | | **56,000.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __3__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | | **62,887.81** |
| Total<br>(Report on Summary of Schedules) | | **2,315,091.98** |

Copyright (c) 1996-2003 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**EXHIBIT 4**

# Central District Of California
# Claims Register

## 1:03-bk-20278-AG Aria Y Kozak and Donna J Kozak CASE CLOSED on 05/12/2005

**Judge:** Arthur M. Greenwald    **Chapter:** 7
**Office:** San Fernando Valley    **Last Date to file claims:**
**Trustee:** David Seror    **Last Date to file (Govt):**

| Creditor:<br>MITCHELL, SILVERBERG & KNUPP<br>11377 W OLYMPIC BLVD<br>LOS ANGELES, CA 90064 | Claim No: 1<br>Filed: 01/20/2004<br>Entered: 01/22/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User,<br>Generic/Former<br>Modified: 01/22/2004 |
|---|---|---|

| Unsecured claimed: | $90221.61 |
|---|---|
| Secured   claimed: | $0.00 |
| Priority   claimed: | $0.00 |
| Unknown claimed: | $0.00 |
| Admin    claimed: | $0.00 |
| **Total**    **claimed: $90221.61** | |

History:
1-1    01/20/2004 Claim #1 filed by MITCHELL, SILVERBERG & KNUPP , total amount claimed: $90221.61
        (Bankruptcy User, Generic/Former)

Description:

Remarks: (1-1) Converted from NIBS.

| Creditor:<br>PACKING CRATE CLASSICS, INC<br>C/O KATHLEEN P MARCH, ESQ.<br>10524 W PICO BLVD #212<br>LOS ANGELES, CA 90064 | Claim No: 2<br>Filed: 06/02/2004<br>Entered: 06/03/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User,<br>Generic/Former<br>Modified: 06/03/2004 |
|---|---|---|

| Unsecured claimed: | $0.00 |
|---|---|
| Secured   claimed: | $71166.60 |
| Priority   claimed: | $0.00 |
| Unknown claimed: | $0.00 |
| Admin    claimed: | $0.00 |
| **Total**    **claimed: $71166.60** | |

History:
2-1    06/02/2004 Claim #2 filed by PACKING CRATE CLASSICS, INC , total amount claimed: $71166.6
        (Bankruptcy User, Generic/Former)

Description:

Remarks: (2-1) Converted from NIBS.

| Creditor:<br>DEPARTMENT OF THE TREASURY -<br>IRS | Claim No: 3<br>Filed: 06/02/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User, |
|---|---|---|

| SPECIAL PROCEDURES STAFF<br>300 NORTH LOS ANGELES ST. M/S 5022<br>LOS ANGELES, CA 90012 | *Entered:* 06/03/2004 | Generic/Former<br>*Modified:* 06/03/2004 |
|---|---|---|

| | | |
|---|---|---|
| Unsecured claimed: | $0.00 | |
| Secured claimed: | $135839.98 | |
| Priority claimed: | $0.00 | |
| Unknown claimed: | $0.00 | |
| Admin claimed: | $0.00 | |
| **Total** | **claimed: $135839.98** | |

*History:*
3-1    06/02/2004 Claim #3 filed by DEPARTMENT OF THE TREASURY - IRS , total amount claimed: $135839.98 (Bankruptcy User, Generic/Former)

*Description:* (3-1) Arrearage $135,839.98 ; .

*Remarks:* (3-1) Converted from NIBS.

---

| *Creditor:*<br>ROSENDIN ELECTRIC, INC<br>C/O NOMI L. CASTLE<br>1925 CENTURY PK. E., STE 210<br>CENTURY CITY, CA 90067 | **Claim No: 4**<br>*Filed:* 06/03/2004<br>*Entered:* 06/04/2004 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bankruptcy User,<br>Generic/Former<br>*Modified:* 06/04/2004 |
|---|---|---|

| | | |
|---|---|---|
| Unsecured claimed: | $2462136.48 | |
| Secured claimed: | $0.00 | |
| Priority claimed: | $0.00 | |
| Unknown claimed: | $0.00 | |
| Admin claimed: | $0.00 | |
| **Total** | **claimed: $2462136.48** | |

*History:*
4-1    06/03/2004 Claim #4 filed by ROSENDIN ELECTRIC, INC , total amount claimed: $2462136.48 (Bankruptcy User, Generic/Former)

*Description:*

*Remarks:* (4-1) Converted from NIBS.

---

| *Creditor:*<br>HOLTHOUSE, CARLIN & VAN TRIGENT<br>1601 CLOVERFIELD BLVD., #300<br>SANTA MONICA, CA 90402 | **Claim No: 5**<br>*Filed:* 06/04/2004<br>*Entered:* 06/08/2004 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bankruptcy User,<br>Generic/Former<br>*Modified:* 06/08/2004 |
|---|---|---|

| | | |
|---|---|---|
| Unsecured claimed: | $5705.37 | |
| Secured claimed: | $0.00 | |
| Priority claimed: | $0.00 | |
| Unknown claimed: | $0.00 | |
| Admin claimed: | $0.00 | |
| **Total** | **claimed: $5705.37** | |

History:
| | |
|---|---|
| 5-1 | 06/04/2004 Claim #5 filed by HOLTHOUSE, CARLIN & VAN TRIGENT , total amount claimed: $5705.37 (Bankruptcy User, Generic/Former) |

Description:

Remarks: (5-1) Converted from NIBS.

---

| Creditor:<br>FRANCHISE TAX BOARD<br>SPECIAL PROCEDURES<br>PO BOX 2952<br>SACRAMENTO, CA 95812 | Claim No: 6<br>Filed:    07/08/2004<br>Entered: 07/09/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User,<br>Generic/Former<br>Modified: 07/09/2004 |
|---|---|---|

Unsecured claimed:  $46269.06

Secured    claimed:      $0.00

Priority    claimed:      $0.00

Unknown  claimed:      $0.00

Admin      claimed:      $0.00

**Total        claimed: $46269.06**

History:
| | |
|---|---|
| 6-1 | 07/08/2004 Claim #6 filed by FRANCHISE TAX BOARD , total amount claimed: $46269.06 (Bankruptcy User, Generic/Former) |

Description:

Remarks: (6-1) Converted from NIBS.

---

| Creditor:<br>MITCHELL, SILVERBERG & KNUPP<br>11377 W OLYMPIC BLVD<br>LOS ANGELES, CA 90064 | Claim No: 7<br>Filed:    07/09/2004<br>Entered: 07/09/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User,<br>Generic/Former<br>Modified: 07/09/2004 |
|---|---|---|

Unsecured claimed:  $82019.65

Secured    claimed:      $0.00

Priority    claimed:      $0.00

Unknown  claimed:      $0.00

Admin      claimed:      $0.00

**Total        claimed: $82019.65**

History:
| | |
|---|---|
| 7-1 | 07/09/2004 Claim #7 filed by MITCHELL, SILVERBERG & KNUPP , total amount claimed: $82019.65 (Bankruptcy User, Generic/Former) |

Description:

Remarks: (7-1) Converted from NIBS.

---

| Creditor:<br>ACIC<br>9841 AIRPORT BLVD., 9TH FLOOR<br>LOS ANGELES, CA 90045 | Claim No: 8<br>Filed:    07/19/2004<br>Entered: 07/20/2004 | Status:<br>Filed by: CR<br>Entered by: Bankruptcy User,<br>Generic/Former<br>Modified: 07/20/2004 |
|---|---|---|

| Unsecured | claimed: | $0.00 |
| Secured | claimed: | $1882610.95 |
| Priority | claimed: | $0.00 |
| Unknown | claimed: | $0.00 |
| Admin | claimed: | $0.00 |
| **Total** | **claimed:** | **$1882610.95** |

*History:*
8-1     07/19/2004 Claim #8 filed by ACIC , total amount claimed: $1882610.95 (Bankruptcy User, Generic/Former)

*Description:*

*Remarks:* (8-1) Converted from NIBS.

### Claims Register Summary

**Case Name:** Aria Y Kozak and Donna J Kozak
**Case Number:** 1:03-bk-20278-AG
**Chapter:** 7
**Date Filed:** 12/24/2003
**Total Number Of Claims:** 8

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $2686352.17 | |
| **Secured** | $2089617.53 | |
| **Priority** | $0.00 | |
| **Unknown** | $0.00 | |
| **Administrative** | $0.00 | |
| **Total** | **$4775969.70** | **$0.00** |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/28/2006 15:36:30 | | | |
| **PACER Login:** | mh0129 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 1:03-bk-20278-AG Filed or Entered From: 11/8/2000 Filed or Entered To: 1/1/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

1

## PROOF OF SERVICE

2

3    RE:        KOZAK

4    CASE NO.:    SV03-20278MT

5    CHAPTER:    7

6        I declare that I am employed in the County of Los Angeles, State of California.  I am

7    over the age of eighteen years and not a party to the instant matter.  My business address is 6320

8    Canoga Ave., Suite 1400, Woodland Hills, CA 91367.  On November 29, 2006, I served a

9    Notice of Motion and Motion to Reopen Chapter 7 Case to File their Motion For an Order To

10    Show Cause Why Packing Crate Classics, Inc. Should Not Be Held in Contempt of Court for

11    Willfully Violating the Discharge Injunction on each of the interested parties by placing a true

12    copy thereof in a sealed envelope with first class postage fully prepaid in the United States mail

13    at Woodland Hills, California, addressed as follows:

14

15            SEE ATTACHED LIST WHICH IS INCORPORATED

16            HEREIN BY REFERENCE

17

18        I declare under penalty of perjury under the laws of the United States that the foregoing is

19    true and correct, and that this Declaration was executed on November 29, 2006, at Woodland

20    Hills, California.

21

22

23                                    Laurie J. Burns

24

25

26

27

28

## Service List
Aria and Donna Kozak
Bankruptcy Case No: SV03-20278MT

Debtors
Aria & Donna Kozak
2800 Neilson Way, #609
Santa Monica, CA 90405

Debtors' Attorney
David R. Hagen
Merritt & Hagen
6320 Canoga Ave., Ste. 1400
Woodland Hills, CA 91367

Chapter 7 Trustee
David Seror
Chapter 7 Trustee
Moldo, Davidson, Fraioli, Seror &
Sestanovich
2029 Century Park East (Twin Towers)
21st Floor
Los Angeles, CA 90067

Attorney for Chapter 7 Trustee
Frank X. Ruggier, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

U. S. Trustee's Office
21051 Warner Center Lane, Ste 115
Woodland Hills, CA 91367

Attorney for Packing Crate Classics, Inc.
Paul Beechen, Esq.
1900 Ave. of the Stars, Ste. 2300
Los Angeles, CA 90067

Richard L. Knickerbocker, Esq.
Knickerbocker Law Corp.
233 Wilshire Blvd., #400
Santa Monica, CA 90401-1214

Request of Special Notice
Attorneys for Rosendin Electric, Inc.
Nomi L. Castle
Matthew J. Luce
Castle & Associates
1925 Century Park East, Ste. 210
Los Angeles, CA 90067

Frank M. Lanak, Esq.
c/o American Contractors Indemnity Co.
9841 Airport Blvd., 9th Floor
Los Angeles, CA 90045

Creditors
ACIC
9841 Airport Blvd., 9th Floor
Los Angeles, CA 90045

Lee Ackerman
865 S. Figueroa St., #2600
Los Angeles, CA 90017

Apex
445 Park Ave.
New York, NY 10002

Franchise Tax Board
Special Procedures
PO Box 2952
Sacramento, CA 95812

Kirk Grossman, Esq.
2323 Portola Rd., #100
Ventura, CA 93003

Holthouse, Carlin & Van Trigent
1601 Cloverfield Blvd., #300
Santa Monica, CA 90402

IRS-Special Procedures 7
SB/SE Insolvency Unit
300 N Los Angeles Street
Room 4062., M/S 5025
Los Angeles, CA 90012

Lexus Financial Services
P.O. Box 60114
City Of Industry, CA 91716-0114

MCG
Bryan Mitchell
1100 Wilson Blvd., #800
Arlington, VA 22209

Mitchell, Silverberg & Knupp
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Rosenberg and Mendlin
528 Colorado Ave.
Santa Monica, CA 90401-2408

Rosendin Electric
201 King St.
San Francisco, CA 94109

Robert Rowe
c/o Gobal QA
300 East Esplnade Dr., #1460
Oxnard, CA 93036

Ruben and Makarem
11601 Wilshire Blvd., #325
Los Angeles, CA 90025

Smaha and Daley
7860 Mission Center Ct., #100
San Diego, CA 92108

Surety Company of the Pacific
c/o Intercol Collections
P.O. Box 3550
San Dimas, CA 91773

Toyota Lease Trust
c/o R. Scott Andrews, #219936
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Blvd. 10th Floor
Costa Mesa, CA 92626-1947