1  DAVID R. HAGEN. Bar No. 108383
   Merritt & Hagen
2  6320 Canoga Ave.. Suite 1400
   Woodland Hills, CA 91367
3  Telephone 818-992-1940
   Facsimile 818-992-3309
4

5

   Attorney for Debtors and Movants
6  Aria Y. Kozak, Donna J. Kozak

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  In Re:                          ) CASE NO.: SV03-20278MT
                                    ) CHAPTER 7
12  ARIA Y. KOZAK, DONNA J. KOZAK   )
                                    )
13          Debtors.                ) DEBTORS' NOTICE OF MOTION AND
                                    ) MOTION FOR AN ORDER TO SHOW
14                                  ) CAUSE WHY PACKING CRATE
                                    ) CLASSICS, INC. SHOULD NOT BE HELD
15                                  ) IN CONTEMPT OF COURT FOR
                                    ) KNOWINGLY VIOLATING THE
16                                  ) DISCHARGE INJUNCTION;
                                    ) DECLARATIONS OF DONNA J. KOZAK
17                                  ) AND DAVID R. HAGEN IN SUPPORT
                                    ) THEREOF
18                                  )
                                    ) [Request for Judicial Notice Filed
19                                  ) Concurrently Herewith]
                                    )
20                                  ) Date:  May 2. 2007
                                    ) Time:  10:00 a.m.
21                                  ) Place: 21041 Burbank Blvd.. Woodland Hills
                                    ) Ctrm: 302
22  _____ )

23      TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY

24  JUDGE, AND INTERESTED PARTIES:

25      NOTICE IS GIVEN THAT Aria Y. Kozak and Donna J. Kozak ("Debtors") file their Notice of

26  Motion and Motion For an Order To Show Cause Why Packing Crate Classics. Inc. ("PCCI") Should

27  Not Be Held in Contempt of Court for Willfully Violating the Discharge Injunction ("Motion"). The

28  Motion shall be based upon this Notice. the Motion. and the attached Declarations of David R. Hagen

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1  and Donna J. Kozak.

2      NOTICE IS FURTHER GIVEN that the Motion shall be heard on May 2, 2007, at 10:00 a.m.,

3  or as soon thereafter as the matter may be heard, at the United States Bankruptcy

4  Court, located at 21041 Burbank Blvd., Woodland Hills, California, in Courtroom 302. The Motion is

5  brought pursuant to Local Bankruptcy Rule 9013-1(a)(6) and (7), and 9020-1. Any opposition to the

6  Motion must be served and filed at least fourteen days prior to the hearing. Failure to file such an

7  opposition may be deemed a waiver of one's right to oppose the Motion. The Motion respectively

8  shows as follows:

9  I.

10  **INTRODUCTION**

11  1.      The Debtors seek an Order To Show Cause why Packing Crate Classics, Inc. ("PCCI")

12  should not be held in contempt of Court for willfully violating the discharge injunction *on two separate*

13  *occasions*, by seeking attorney's fees against the Debtors for a discharged, pre-petition claim.

14  II.

15  **THE FACTS**

16  2.      The Debtors filed their Chapter 7 Petition on December 24, 2003. They received their

17  Discharge on June 15, 2004, and the case was closed on May 12, 2005. This case was reopened by

18  Order entered on January 3, 2007. A true and correct copy of the Court docket is attached to the

19  Request For Judicial Notice filed concurrently herewith as Exhibit 1 and incorporated by reference. In

20  their Schedule "B," the Debtors listed as an asset of their case a potential claim against PCCI. A true

21  and correct copy of Schedule "B" is attached to the Request For Judicial Notice as Exhibit 2 and

22  incorporated by reference. In their Schedule "F," the Debtors listed as creditor Paul Beechen Esq., as

23  attorney for PCCI. A true and correct copy of Schedule "F" is attached to the Request For Judicial

24  Notice as Exhibit 3 and incorporated by reference. On June 2, 2004, PCCI filed a Proof of Claim in this

25  case. A true and correct copy of the claims docket is attached to the Request For Judicial Notice as

26  Exhibit 4 and incorporated by reference.

27  **The Appellate Action**

28  3.      Prior to the filing of the Chapter 7 Petition, the Debtors had a pending action against

2

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    PCCI, among others (Superior Court case number SC058857) (the "Appellate Action"). The Debtors

2    were not successful in that case. ***The Trustee (David Seror), not the Debtors,*** then pursued an appeal

3    post petition. On June 7, 2004, the Trustee filed an Application to Employ The Knickerbocker Law Firm

4    as special counsel for the Trustee to pursue the appeal.  A true and correct copy of the Notice of

5    Application, Application and resulting Order of this Court are attached to the Request For Judicial

6    Notice as Exhibit 5 and incorporated herein by reference. It should be noted that this document states

7    that the Trustee is employing special counsel for the express purpose of pursuing the appellate action

8    and another action and that this document was served on Paul Beechen ("Beechen"), counsel for PCCI.

9    (See highlighted portions of the Notice of Application and Proof of Service.)

10         4.    Ultimately, the Trustee was unsuccessful and lost the appeal. As a result of that appellate

11    loss, PCCI, filed a Motion to Determine Prevailing Party and for an Award of Attorney fees. Debtors

12    filed an Opposition to this Motion, once again informing PCCI and it's counsel that the action was

13    pursued by the Trustee, that the underlying obligation was discharged, and that the action constituted

14    a violation of their bankruptcy discharge. A copy of the PCCI Motion, the Debtors' Opposition and

15    PCCI's Reply are collectively attached to the Request for Judicial Notice as Exhibit 6.  The Matter

16    proceeded to hearing and PCCI obtained a judgment against the Debtors on September 25, 2005 in the

17    sum of $36,730.89 and, ultimately, recorded an Abstract of Judgment. A true and correct copy of the

18    Abstract of Judgment is attached to the Request for Judicial Notice as Exhibit 7.

19         5.    On August 25, 2006, the Debtors' bankruptcy attorney, David R. Hagen, sent a letter to

20    Beechen warning him, yet again, that his actions were in violation of the Debtors' bankruptcy discharge.

21    A true and correct copy of this letter is attached as Exhibit 11 to the Declaration of David R. Hagen

22    filed in support of this motion.

23         6.    On September 12, 2006, Beechen replied stating  "The appeal was prosecuted in the

24    name of Aria and Donna Kozak, not the Trustee. No effort was made to substitute the Trustee in place

25    of the Kozaks." A true and correct copy of this letter is attached as Exhibit 12 to the Declaration of

26    David R. Hagen filed in support hereof.

27         7.    Finally, Beechen was sent a final warning of November 3, 2006, again warning him that

28    his actions violated the Debtors' discharge. A true and correct copy of this letter is attached as Exhibit

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

3

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    13 to the Declaration of David R. Hagen filed in support of this motion.

2        8.    Despite actual notice of the bankruptcy proceeding (being listed on Schedule F and

3    having filed a Claim), and being put on notice several times that their actions violated the bankruptcy

4    discharge (in the state Court pleadings and in two separate letters to counsel), PCCI continues to pursue

5    its attorney fees from the Debtors.

6    **The Summary Judgment Action**

7        9.    Also prior to the filing of the Chapter 7 Petition, the Debtors had a separate, but related,

8    pending action, as Cross-Complainants, against PCCI, among others (Superior Court case number

9    SC075156) (the "Summary Judgment Action"). After the bankruptcy filing, PCCI filed a successful

10   summary judgment motion. The Debtors did not file any written opposition. The motion was granted.

11       10.   As a result of that action, PCCI again sought attorneys' fees against the Debtors by way

12   of Motion. Similar briefing occurred in this action as occurred in the earlier Appeal Action. Copies of

13   the Motion, Further Opposition and Reply are collectively attached to the Request for Judicial Notice

14   as Exhibit 8. After hearing, another judgment was entered against the Debtors on January 23, 2007 in

15   the sum of $86,481.25 plus costs. A true and correct copy of the Judgment is attached to the Request

16   for Judicial Notice as Exhibit 8. Beechen was sent a warning on November 3, 2006, again warning him

17   that his actions violated the Debtors' discharge. A true and correct copy of this letter is attached as

18   Exhibit 13 to the Declaration of David R. Hagen filed in support of this motion.

19       11.   The Debtors filed an appeal to protect their rights pending reopening the bankruptcy case

20   and a contempt hearing.

21   **Case Reopened**

22       12.   On November 29, 2006, the Debtors filed their Motion to Reopen Case. The Order

23   Granting Motion to Reopen Case was entered on January 3, 2007. See Request for Judicial Notice,

24   Exhibit 1.

25                              III.

26              **THERE IS CAUSE TO GRANT THIS MOTION**

27       13.   PCCI was listed in Schedule "F" so its debt, its entire debt, was discharged.

28   The discharge injunction provision relevant to this case is § 524(a)(2), which provides that a bankruptcy

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    discharge "operates as an injunction against . . . an act, to collect, recover or offset any such debt as a

2    personal liability of the debtor, whether or not discharge of such debt is waived . . . ." In re Henry 266

3    B.R. 457. (Bankr. C.D. Cal. 2001, citing Molloy, 247 B.R. 804, 815 (C.D. Cal. 2000).

4          14.    All of the actions in the Appellate Action were performed by the Chapter 7 Trustee, not

5    the Debtors. The Debtors cannot be held liable for fees that were incurred by conduct arising from the

6    Trustee's attorney.    Any debt owing to PCCI was discharged on June 15, 2004. The Debtors did

7    nothing in the Summary Judgment action except appear at the Court hearing. At the hearing, they told

8    the court of the bankruptcy. They did not file any opposition. They also filed an appeal to protect their

9    position in the pending action. Despite actual knowledge of the Chapter 7 Petition, PCCI did not file

10   a non-dischargeability complaint but yet is now seeking to collect on a discharged, pre-petition debt.

11   PCCI continued to litigate against the Debtors for its attorney's fees in the Superior Court despite actual

12   knowledge of the Petition.

13         15.    A bankruptcy court may award damages for a violation of the automatic stay or the

14   discharge injunction under the court's contempt power. Henry, Supra, citing State Bd. of Equalization

15   v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1152 (9th Cir. 1996) (involving automatic stay). Under

16   Ninth Circuit law, such an award is supported by § 105, which authorizes a bankruptcy court to issue

17   "any order . . . that is necessary or appropriate to carry out the provisions of this title."

18         16.    Under Ninth Circuit law contempt need not be willful. Henry, Supra, citing Crystal

19   Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling

20   Hall, Inc.), 817 F.2d 1361, 1366 (9th Cir. 1987, Perry v. O'Donnell, 759 F.2d 702, 704-06 (9th

21   Cir. 1985).

22         17.    It is clear that PCCI has been aware of the Petition, as they were listed as a creditor and

23   referenced the Petition in various Superior Court pleadings. PCCI filed a claim in 2004! The Debtors

24   have informed PCCI of this issue, and in fact PCCI addressed this precise issue in their Opposition to

25   the Debtors' Motion to reopen.

26         18.    By not acknowledging this issue previously, PCCI has exacerbated this problem and has

27   forced the Debtors to file this Motion for an OSC. By its conduct, PCCI has added fuel to the fire by

28   continuing to litigate the Motion For Fees when it has been on actual notice of the Discharge. PCCI has

1    therefore <u>intentionally and willfully violate the Discharge Injunction</u>, thus. warranting an Order To

2    Show Cause why PCCI should not be held in contempt of Court and why it should not pay sanctions

3    and attorneys' fees.

4                                                                IV.

5                        <u>THERE IS CAUSE TO ISSUE AN ORDER TO SHOW CAUSE</u>

6            19.    The only issues before the Court with respect to the Motion are (1) whether there

7    is a valid. final order: and (2) whether PCCI has complied with the order. Here, the order is the

8    Discharge Injunction referenced above. The Discharge is final and binding upon PCCI. Unfortunately.

9    for several months, despite the Debtor's repeated efforts. PCCI has repeatedly failed and refused to

10   acknowledge the fact that the Discharge prevents it from seeking fees against the Debtors.    This

11   constitutes contempt of the Discharge injunction and repeated, intentional violations of the terms of the

12   Discharge. "For Plaintiff to prevail, he must prove by 'clear and convincing evidence' Defendant

13   violated a clear and unambiguous provision in the Order.   <u>Armstrong v. Executive Office of the</u>

14   <u>President.</u> 1 F.3d 1274, 1289 (D.C. Cir. 1993) (internal quotation marks omitted). The Discharge is

15   clear and ambiguous; it simply requires PCCI to cease efforts to collect on its pre-petition debt.   There

16   is no question that the Debtors have established. by clear and convincing evidence, that the Discharge

17   is clear and unambiguous, and that PCCI is in violation of the Discharge.

18           20.    The moving party has the burden of showing by clear and convincing evidence that the

19   contemptors violated a specific and definite order of the court.   <u>Balla v. Idaho St. Bd. of Corrections,</u>

20   869 F.2d 461, 466 (9th Cir. 1989). Here, this element is no doubt established by the fact that PCCI has

21   acknowledged the existence of the Discharge in its Superior Court pleadings. Moreover. the Debtors

22   have sent two letters to PCCI's attorneys in repeated attempts to resolve the problem they caused and

23   their failure to comply with the Discharge. Despite this actual knowledge of what it is required to do.

24   PCCI refuses to cease its efforts.

25           21.    In <u>In re Keane</u>. 110 B.R. 477 (S.D.Cal. 1990). the Court entered his Proposed Findings

26   of Fact and Conclusions of Law that Walter Keane be found in contempt of court for deliberately and

27   willfully failing to comply with the Court's Order, and recommended to the United States District Court

28   that Walter Keane be imprisoned until he fully complies with the Order.  Also the Court certified the

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    Proposed Findings of Fact and Conclusions of Law to the United States District Court, and certified

2    copies of the documents submitted to the Bankruptcy Court on the Trustee's Motion for Turnover Order

3    and the Trustee's Application for Order to Show Cause re Contempt. Id.

4        The Court in Keane noted:

5            "Consideration by a bankruptcy court of a Civil contempt motion will encompass
             only two issues: whether the [*483] alleged contemptor knew of the order and
6            whether he complied with it." Kellogg v. Chester, 71 Bankr. 36. 38 (N.D. Tex.
             1987). It must be shown that there exists an enforceable order that is clear and
7            specific which unambiguously commands such party to perform or refrain from
             performing in accordance with the order. International Long Shoremens Assoc..
8            Local 1291 v. Philadelphia Marine Trade Assoc., 389 U.S. 64. 19 L. Ed. 2d 236.
             88 S. Ct. 201 (1967). "The party seeking the contempt citation retains the ultimate
9            burden of proof. but once he makes out a *prima facie* case, the burden of
             production shifts to the alleged contemptor, who must then come forward with
10           evidence to show a present inability" [**16] to comply with the court's order.
             Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 984 (11th Cir. 1986). Civil
11           contempt must be proved by clear and convincing evidence. Vertex Distributing,
             Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)." Id.

12

13    22.    Here. PCCI is on actual notice of the Discharge and its requirements. PCCI is likewise

14    able to comply with the Discharge simply by ceasing its collection efforts. This is quite simple; it is

15    surprising that PCCI has taken such a tenuous position. PCCI seeks to change the rules of the game

16    after the game has been played. The Court entered the Discharge, PCCI is aware of the Discharge, yet

17    simply and cavalierly refuses to abide by it.

18    23.    In In re Michael E. Carrico. 206 B.R. 447 (S.D.Ohio 1997), the Court held, inter alia, that

19    judicial contempt powers are considered a power limited to sanctioning those who interfere with the

20    orderly conduct of court business or disobey orders when necessary to the conduct of that business. Id.

21    Here. PCCI has no doubt disobeyed this Court's Discharge.

22    24.    In Carrico, Supra, the Trustee informed the Court that a Ms. Dougherty held proceeds

23    from the liquor license that had been sold without his knowledge and without prior Court authorization.

24    At the conclusion of the hearing, the Court issued the Oral Ruling that required Ms. Dougherty to turn

25    over all proceeds by January 31. 1996, at 5:00 p.m. and established a show cause hearing for civil

26    contempt on February 1, 1996. in the event of noncompliance. The Court instructed the Trustee to

27    prepare an order memorializing its Oral Ruling. Id. The Debtor's attorney was on actual knowledge

28    of a clear Order of the Court yet intentionally failed to comply with it.

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

25.    Here, as in <u>Carrico</u>, there is a final, unambiguous Discharge with which there has been no compliance by PCCI for over six months. Equally as important. PCCI even refuses to acknowledge the existence of the Discharge; this unfathomable and unexplained position requires severe sanctions. And, the lack of compliance is after several letters to PCCI explaining the situation and problem. PCCI has simply taken the stick-the-neck-in-the-sand mentality. The only conclusion one can arrive at is that PCCI has no intention of complying with the Discharge and will continue down its path despite violating the Discharge. This clearly constitutes a willful and intentional failure to comply. thus warranting an order to show cause why PCCI should not be held in contempt of Court.

26    In <u>In re Skinner</u>, 917 F.2d 444 (10th Cir. 1990), the Court held that a finding of contempt does not require a finding that the violation was willful. In <u>Skinner</u>, the issue was whether a creditor violated the automatic stay. There. the Appellant credit union challenged the decision of the United States District Court for the District of Utah, which upheld the Bankruptcy Court's imposition of a civil contempt, under 11 U.S.C. § 105(a), and imposed monetary sanctions for violating the court's automatic stay. <u>Id.</u> The Appellant in <u>Skinner</u> sold the debtor's automobile after being notified of the debtor's bankruptcy and its automatic stay. The Bankruptcy Court imposed civil contempt, and imposed monetary damages and attorneys' fees. Appellant challenged the order of contempt. arguing that a Bankruptcy Judge did not have statutory or constitutional authority to impose civil contempt and monetary sanctions. The Court upheld the bankruptcy judge's order and findings of contempt. <u>Id.</u>

27.    In this case, the Discharge is simple, clear and only requires (for purposes of this Motion) that PCCI cease its actions against the Debtors. That simple task has been intentionally and wilfully ignored for many months. And, to make it worse, PCCI is fully aware of the violation but persists in its conduct. There is no reason why PCCI cannot comply with the Discharge. PCCI's overly aggressive approach to their illegal collection activity warrants sanctions of $25.000.00.

28.    Indeed. PCCI has not provided the Debtors or the Court with a valid. legal basis to not comply with the Discharge. The reason for this is simple: there is no reason for their non-compliance. This Court has the authority under, inter alia, Section 105 to issue an order to show cause why PCCI should not be held in contempt of court for intentionally and repeatedly violating the Discharge. In addition, PCCI has been actual notice of the Discharge, and despite that, it still refuses to comply. The

1    Debtors clearly need the assistance of this Court to enforce the Discharge.

2        29.    Finally, after ignoring the authority of this Bankruptcy Court, PCCI, through its

3    bankruptcy counsel, Kathleen P. March, attempts to bully the Debtors in the Reply to the Motion to

4    Reopen. In that Reply, she incorrectly characterizes the true facts in this matter and even threatens the

5    Debtors *and their counsel* with sanctions under FRBP Rule 9011! A true and correct copy of the Reply

6    is attached to the Request for Judicial Notice as Exhibit 10.

7        30.    The Debtors acknowledge that In re Ybarra, 424 F.3d 1018 (9th Cir. 2005) is currently

8    the controlling Ninth Circuit law in this matter. It should be noted that the Ybarra decision was NOT

9    controlling law at the time of the appeal as it decided    after the appeal was complete.  However, in

10   Ybarra, the Debtors actively pursued litigation post petition. This is not the case here. It would be

11   virtually impossible for PCCI to claim this to be the case in the Appellate Action as the actions taken

12   were all by the Trustee. In the Summary Judgment Action, the Debtors essentially did nothing. They

13   filed no written opposition to the Summary judgment motion. PCCI will probably make great light that

14   the Debtors were present at the hearing on the Summary Judgment motion, but their involvement

15   certainly did not raise to the post petition conduct in the Ybarra case.

16       31.    The personal liability of the Debtors has been discharged; it is a dischargeable debt under

17   11 U.S.C. Sections 523 and 727.   The Debtors clearly need the assistance of this Court to enforce the

18   Discharge injunction.  Indeed, this Court has exclusive jurisdiction to enforce the Discharge injunction.

19       32.    Whether the proper creditor was listed is a non-issue, as this was a no asset Chapter 7

20   case. See In re Beezley 994 F.2d 1433, 1434 (9th Cir. 1993). A debt is discharged in a no-asset chapter

21   7 case even when the creditor was not listed. This was a no asset case so any debt owing to PCCI, listed

22   or not, has been discharged.

23       WHEREFORE, the Debtors respectfully request an order against Respondent as follows:

24       1.    That the Motion be granted; and

25       2.    That the Court make a finding that PCCI is in contempt of Court; or

26       3.    That the Court issue an order to show cause why PCCI is not in contempt of Court for

27           violating this Court's Discharge injunction; and

28       4.    That PCCI be sanctioned $25,000.00 for willfully and intentionally violating this Court's

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    Discharge injunction, and continuing to violate that injunction;

2    5.    For reasonable attorneys' fees and costs of at least $4,500.00 for having to file this

3    Motion and appear at various Court hearings;

4    6.    For such other relief as the Court deems just and proper.

5

6    Dated: March 27, 2007

        MERRITT & HAGEN

7

8        David R. Hagen
        Attorney for Debtors

9

10    MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1

2                          **DECLARATION OF DAVID R. HAGEN**

3          I, DAVID R. HAGEN, hereby declare as follows:

4          1.      I am the attorney for Aria and Donna Kozak ("Debtors").

5          2.      I have personal knowledge of the matters discussed below, and if called as a witness, I

6      could and would competently testify thereto.

7          3.      On August 25, 2006, I sent a letter to Paul Beechen, attorney for Packing Crate Classics,

8      Inc. ("PCCI"). A true and correct copy of this correspondence is attached hereto as Exhibit 11.

9          4.      In response to my letter of August 25, I received a letter from Beechan dated September

10     12, 2006. A true and correct copy of this correspondence is attached hereto as Exhibit 12.

11         5.      On September 3, 2006, I sent a letter to Paul Beechen, attorney for    Packing Crate

12     Classics, Inc. ("PCCI"). A true and correct copy of this correspondence is attached hereto as Exhibit 13.

13         I declare under penalty of perjury of the laws of the United States of America that the foregoing

14     is true and correct to the best of my knowledge and information and belief.

15         6. My clients have incurred fees in the amount of $3,500 in the preparation of this Motion. I

16     anticipate they will incur an additional $2,000 for (1) review of the anticipated opposition of PCCI, (2)

17     preparation of a Reply and (3) appearing at the hearing in this matter.

18         Executed this 7th day of March, 2007, at Woodland Hills, California.

19

20                                                       DAVID R. HAGEN, Declarant

21

22

23

24

25

26

27

28

**MERRITT & HAGEN** APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

11

**DECLARATION OF DONNA J. KOZAK**

**IN SUPPORT OF MOTION TO REOPEN CHAPTER 7 CASE**

I, Donna J. Kozak, declare as follows:

1.      I am one of the Debtors in this case. I have personal knowledge of the following information and, if called upon to testify, I could and would competently testify to the following. I have reviewed my files, records and recollections in this matter regarding the state court case filed by my husband and I as Cross-Complainants against PCCI and others.

2.      I am personally familiar with my files, records and recollections involving this matter, and I am the one in control of the files, records and recollections with respect to the Superior Court case. All entries in my files and records, and all recollections I maintain were made or formed at or around the time the communications that are the subject of the instant action occurred.

3.      My husband and I filed our Chapter 7 Petition on December 24, 2003. We received our Discharge on June 15, 2004, and the case was closed on May 12, 2005

4.      Prior to the filing of the Chapter 7 Petition, we had a pending action against PCCI, among others (Superior Court case number SC058857) (the "Appellate Action"). We were not successful in that case. *The Trustee, not us,* then pursued an appeal post petition. We did not participate in that proceeding.

5.      Ultimately, the Trustee was unsuccessful and lost the appeal. As a result of that appellate loss, PCCI, filed a Motion to Determine Prevailing Party and for an Award of Attorney fees. We filed an Opposition to this Motion. The Matter proceeded to hearing and PCCI obtained a judgment against us on September 25, 2005 in the sum of $36,730.89 and, ultimately, recorded an Abstract of Judgment.

6.      Also prior to the filing of the Chapter 7 Petition, we had a separate, but related, pending action, as Cross-Complainants, against PCCI, among others (Superior Court case number SC075156) (the "Summary Judgment Action"). After the bankruptcy filing, PCCI filed a successful summary judgment motion. We did not file any written opposition. The motion was granted.

7.      As a result of that action, PCCI again sought attorneys' fees against us by way of Motion. After hearing, another judgment was entered against us on January 23, 2007 in the sum of $86,481.25 plus costs. We filed an appeal to protect their rights pending reopening the bankruptcy case

12

1 | and a contempt hearing.

2 |      8.     On August 25, 2006, our attorney wrote to PCCI's attorney explaining that the Trustee

3 | hired counsel to pursue the Debtor's claims in the Superior Court, and that it was not us as individuals

4 | who pursued those claims.

5 |      9.     On November 3, 2006, our attorney again wrote to PCCI's attorney addressing the issue

6 | of seeking further fees against us, and that such action violates the discharge injunction.

7 |     10.    Despite these two letters and actual notice of this issue, PCCI continues to litigate in

8 | Superior Court to obtain its attorney's fees from us.

9 |

10 |     I declare under penalty of perjury under the laws of the United States that the foregoing is true

11 | and correct. This Declaration was executed in _____, California.

12 |

13 | Date:  March ___, 2007

                    _____

14 |                     Donna J. Kozak, Declarant

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 | W: MOTIONS\Kozak-Motion for Sanctions.wpd

23 |

24 |

25 |

26 |

27 |

28 |

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 · FACSIMILE (818) 992-3309

**EXHIBIT 11**

# MERRITT & HAGEN

A Professional Corporation
6320 Canoga Avenue, Suite 1400
Woodland Hills, California 91367
- *ATTORNEYS AND FINANCIAL COUNSELORS* -
ForBankruptcy.com

DAVID R. HAGEN
LAURENCE D. MERRITT (RET.)

(818) 992-1940
(FAX) (818) 992-3309
drh@forbankruptcy.com

August 25, 2006

Paul D. Beechen
Law Offices of Paul D. Beechen, Inc.
1900 Avenue of the Stars, Suite 2300
Los Angeles, CA 90067-4410

Re:    Kozak v. Packing Crate Classics, Inc.
Case No: SC058857

Dear Mr. Beechen:

As you know, this office represented Aria and Donna Kozak with respect to a Chapter 7 bankruptcy filing. This case was filed on December 24, 2003 as case number SV03-20278AG and they received a discharge in due course on June 15, 2004.

As part of the bankruptcy proceeding, the Trustee, David Seror, hired counsel and pursued an appeal on behalf of the bankruptcy estate. I am informed that the appeal was ultimately unsuccessful and that you proceeded in State Court to have attorneys' fees in the sum $36,200 and statutory costs awarded against the Kozaks. I am further informed that the Superior Court approved this and a judgment has been entered and an Abstract of Judgment recorded in Los Angeles County.

Please be advised that taking any action on this obligation violates my clients' discharge which my clients received under 11 U.S.C. §727. The United States Court of Appeals for the Ninth Circuit has held in Ybarra v. Boeing, 424 F. 3d 1018 (2005) that where a debtor "returned to the fray" after the bankruptcy filing, an award for fees could be entered. However, the case also indicates that there is no liability where the debtor took no further action after the bankruptcy filing.

EXHIBIT _11 - 14_

# MERRITT & HAGEN

Letter to Paul D. Beechen

August 25, 2006

Page 2

     In this case, the Debtors did nothing to pursue this matter after the bankruptcy was filed. In fact, it was clear to all evolved that it was the bankruptcy estate, through the Trustee, that pursued the appeal. Accordingly, any action on this discharged debt is in violation of the discharge.

     To rectify this matter, you must immediately dismiss my clients from the action in which the judgment was entered and prepare and record a Release of Abstract. If you fail to do so, I have informed my clients that their remedy is to have their case reopened and have you held in contempt. Such an action will include a request for sanctions, including attorneys' fees.

     I need to hear from you within 15 days. Otherwise, my clients have instructed me to proceed.

       Sincerely,

       MERRITT & HAGEN

       David R. Hagen

DRH/ljb
cc: Client
W:\CORSP\Kozak §-16.wpd

EXHIBIT 11 -15

**EXHIBIT 12**

Law Offices of
**Paul D. Beechen, Inc.**
1900 Avenue of the Stars
Suite 2300
Los Angeles, California 90067

------------

Telephone (310) 552-2777
Facsimile (310) 556-1346
e-mail beechen@earthlink.net
September 12, 2006

**BY FAX AND U.S. MAIL**
David R. Hagen, ESq.
Merritt & Hagen
6320 Canoga Avenue, Suite 1400
Woodland Hills, CA 91367

      Re:   PCCI adv. Kozak

Dear Mr. Hagen:

In response to your letter of August 25, the only fees and costs that were awarded were those that were incurred post-petition. The appeal was prosecuted in the name of Aria and Donna Kozak, not the trustee. No effort was made to substitute the trustee in place of the Kozaks.

If there is additional information that you believe is important to this issue, please share it with me.

Sincerely,

Paul D. Beechen

EXHIBIT 12-16

**EXHIBIT 13**

# MERRITT & HAGEN

A Professional Corporation
6320 Canoga Avenue. Suite 1400
Woodland Hills. California 91367
- *ATTORNEYS AND FINANCIAL COUNSELORS* -
ForBankruptcy.com

DAVID R. HAGEN
LAURENCE D. MERRITT (RET.)

(818) 992-1940
(FAX) (818) 992-3309
drh@forbankruptcy.com

November 3, 2006

Paul D. Beechan
Law Offices of Paul D. Beechen, Inc.
1900 Avenue of the Stars. Suite 2300
Los Angeles. CA 90067-4410

<u>**VIA FAX 310-556-1346 & U.S. MAIL**</u>

Re:    <u>Kozak v. Packing Crate Classics. Inc.</u>
Case No: SC058857
<u>Rowe v. Packing Crate Classics. Inc. and related cross action</u>
Case No: SC075156

Dear Mr. Beechan:

As I informed you previously. this office represented the Kozaks in their Chapter 7 bankruptcy.

I sent you a letter on August 25, 2006 which included a citation to <u>Ybarra v. Boeing.</u> 424 F. 3d 1018 (2005) which holds that the Kozaks had no further liability in the above-referenced actions in that they did not "return to the fray" after the bankruptcy filing. My prior communication dealt with the first case in which a Judgment apparently has already been entered.

It is my understanding that a hearing is set for next week attempting to once again assess fees in the second action against the Kozaks.

Please be advised that the Kozaks have instructed me to reopen their case and file an action to have you and your client held in contempt of the discharge injunction which they received in their bankruptcy. The Judgment in the first case violates their discharge injunction

and you now have been put on notice of same. Further, your attempt to obtain a second

EXHIBIT 13-17

# MERRITT & HAGEN

Letter to Paul D. Beechen

November 3, 2006

Page 2

Judgment after being put on notice of applicable Ninth Circuit law again violates my clients' discharge.

I have had several long discussions with my clients regarding this issue and I am authorized to make the following settlement proposal, despite a good deal of reticence on Mr. Kozak's part.

My clients will agree to a complete walk away between your client and mine. This would include the fees judgment in the first action and a dismissal of the present matter pending in the second action. In turn, they will release you and your client from any and all claims for contempt and withdraw the appeal. Both parties would essentially walk away.

Please bear in mind that I believe that the Judge will take a very deem view of your client's prosecution of these matters in light of the discharge injunction, especially after your client has been put on notice of same. You should be advised that this letter will appear as an exhibit as part of the contempt motion to show their bad faith in pursuing this action after being put on notice of controlling Ninth Circuit law.

Please immediately discuss this issue with your clients. I will follow up with you shortly.

Sincerely,

MERRITT & HAGEN

David R. Hagen

DRH/ljb
cc: Clients
W:\CORSP\Kozak 11-3.wpd

EXHIBIT 13-18

```
HP LaserJet 3100                                    _ND CONFIRMATION REPORT for
Printer/Fax/Copier/Scanner                          MERRITT&HAGEN,ATTYS.
                                                    818 992 3309
                                                    Nov-3-06   5:00
```

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|-------------------|------|-------|------|--------|
| 73 | 11/ 3  4:59.... | 1'01" | 13105561346................. | Send............. | 3/ 3 | EC144 | Completed................................... |

```
        Total    1'01"    Pages Sent: 3    Pages Printed: 0
```

M    &    H
FAX    COVER

To:    Paul D. Beechan

Fax #: 310- 556 -1346

Re:    Kozak

Date:    November 3, 2006

Pages:    3 , including this cover sheet.

Hard copy to follow:    Yes, U.S. Mail

COMMENTS:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER
OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE
FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY
PROHIBITED.

    IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS
BELOW VIA U.S. MAIL.  THANK YOU.

From the office of....

MERRITT & HAGEN
6320 Canoga Ave. St. 1400
Woodland Hills, CA 91367

(818) 992-1940
Fax: (818) 992-3309

EXHIBIT 13-19

1

## PROOF OF SERVICE

2

3          RE:          KOZAK

4          CASE NO.:    SV03-20278MT

5          CHAPTER:     7

6          I declare that I am employed in the County of Los Angeles, State of California.  I am over the

7   age of eighteen years and not a party to the instant matter.  My business address is 6320 Canoga Ave.,

8   Suite 1400, Woodland Hills, CA 91367.  On March 29 , 2007, I served a DEBTORS' NOTICE OF

9   MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY PACKING CRATE

10  CLASSICS, INC. SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR KNOWINGLY

11  VIOLATING THE DISCHARGE INJUNCTION AND DECLARATION OF DAVID R. HAGEN AND

12  DONNA J. KOZAK on each of the interested parties by placing a true copy thereof in a sealed envelope

13  with first class postage fully prepaid in the United States mail at Woodland Hills, California, addressed

14  as follows:

15

16          SEE ATTACHED LIST WHICH IS INCORPORATED

17          HEREIN BY REFERENCE

18

19          I declare under penalty of perjury under the laws of the United States that the foregoing is true

20  and correct, and that this Declaration was executed on March 29, 2007, at Woodland Hills, California.

21

22                                                    Laurie J. Burns

23

24  W:\MOTIONS\Kozak-Motion for Sanctions.wpd

25

26

27

28

MERRITT & HAGEN APC
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

## Service List
Aria and Donna Kozak
Bankruptcy Case No: SV03-20278MT

Debtors
Aria & Donna Kozak
2800 Neilson Way, #609
Santa Monica, CA 90405

Debtors' Attorney
David R. Hagen
Merritt & Hagen
6320 Canoga Ave., Ste. 1400
Woodland Hills, CA 91367

Chapter 7 Trustee
David Seror
Chapter 7 Trustee
Moldo, Davidson, Fraioli, Seror &
Sestanovich
2029 Century Park East (Twin Towers)
21st Floor
Los Angeles, CA 90067

Attorney for Chapter 7 Trustee
Frank X. Ruggier, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

U. S. Trustee's Office
21051 Warner Center Lane, Ste 115
Woodland Hills, CA 91367

Attorney for Packing Crate Classics, Inc.
Paul Beechen, Esq.
1900 Ave. of the Stars, Ste. 2300
Los Angeles, CA 90067

Kathleen P. March, Esq.
The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Ste. 212
Los Angeles, CA 90064

Richard L. Knickerbocker, Esq.
Knickerbocker Law Corp.
233 Wilshire Blvd., #400
Santa Monica, CA 90401-1214

Request of Special Notice
Attorneys for Rosendin Electric, Inc.
Nomi L. Castle
Matthew J. Luce
Castle & Associates
1925 Century Park East, Ste. 210
Los Angeles, CA 90067

Frank M. Lanak, Esq.
c/o American Contractors Indemnity Co.
9841 Airport Blvd., 9th Floor
Los Angeles, CA 90045